### BAILEY v. TWIN LAKE ASS'N.

(Supreme Court, Appellate Division, Second Department. March 4, 1904.)

1. EJECTMENT—TITLE OF PLAINTIFF.

Plaintiff in ejectment cannot recover on an allegation that the premises are erroneously described in a certain deed to her from a third person, no attempt being had to reform the deed, and it being insufficient to describe any land.

Appeal from Special Term, New York County.

Action by Jane Bailey against the Twin Lake Association. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Graham Witschief, for appellant.
M. N. Kane, for respondent.

WOODWARD, J.  This is an action in ejectment.  The plaintiff, aside from the formal allegations, sets up that she is the owner in fee and is entitled to the possession of a certain tract of land, which she describes, situate in the town of Woodbury, county of Orange, and state of New York.  She then alleges that "said premises are erroneously described in a deed given by Jacob Bailey to Jennie Bailey, and whose true name is Jane Bailey, who is the plaintiff in this action, dated June 5, 1894, as follows: 'Commencing at the northeast corner of lands belonging to Francis Lewis, thence along lands of Richard M. Cunningham to lands of Percy Chubb, and thence along said lands to the place of beginning; containing five acres of land more or less.'"  Jacob Bailey is not a party to this action.  No effort is made to secure a reformation of this deed, which obviously does not embrace any land whatever, but describes a straight line, and there is no allegation that there was any mutual mistake in the making of this deed.  Indeed, it affirmatively appears from one of the defendant's witnesses, who is not disputed, that at the time of making this deed the grantor, Jacob Bailey, declared that he knew nothing about it, the description being dictated by plaintiff's husband.  The plaintiff alleges that on the 7th day of April, 1902, she was in possession of the land described in the complaint, comprising about five acres, and that the defendant, by its officials and agents, unlawfully entered upon said premises and took possession of the same, and is now in possession of the same, claiming title thereto, and has excluded and continues to exclude the plaintiff from the possession thereof, etc.

There is no evidence in the case which would support the plaintiff's claim to ownership of the premises described in her complaint.  Her title rests upon the alleged erroneous deed which she offers in evidence, and just how the description in this deed can be made to harmonize with the premises described in her complaint we are unable to discover.  Without a reformation of her deed under which she claims title she does not appear to have any land whatever, and her right to a judgment of ejectment must rest upon her title, not upon any weakness in the title of the defendant in possession.  The defendant claims title through several mesne conveyances, and, while the title deed is not entirely clear as to its starting point, and the amount of land varies in a measure from that called for, we are clearly of opinion that the defendant has a good title to the land which it is occupying in connection with the pond, which forms the chief value of the premises.  Its deed calls for "31 and $^{43}/_{100}$ acres, and to include the pond of water known as the 'Upper Two Ponds,'" while the premises claimed by the plaintiff takes off a portion of one end of this pond, and destroys much of its value for the purposes of the defendant.  This is not, however, necessarily determined in this action, as the plaintiff has shown no title whatever to the premises claimed.

The judgment appealed from should be affirmed, with costs.  All concur.